*Rountree & Lisle, for appellant.*

*Belden & Shuck, for appellee.*

---

## A. B. Powers v. George Dunn, Jr.

**Non Est Factum.**

Under Sec. 20, Chap. 22, Gen. Stat., if a defendant did not sign the note in suit he is not bound, although his name may have been signed by his son upon verbal authority to do so.

**Admissibility of Evidence.**

>   Where an issue is raised as to whether a defendant signed a note, the signature of such defendant to his answer and other pleadings or papers in the case are competent evidence to go to the jury as evidence by comparison that his signature to the note was in his own handwriting.

### APPEAL FROM MARION COURT OF COMMON PLEAS.

#### February 12, 1880.

OPINION BY JUDGE COFER:

There was no evidence before the jury conducing to prove that the appellant signed the note. If he did not he is not bound, although his name may have been signed by his son upon verbal authority to do so. Sec. 20, Chap. 22, Gen. Stat.

The signature of the appellant to his answer, and other pleadings or papers in this case, was competent evidence to go to the jury, as evidence by comparison, that his signature to the note was in his own handwriting; and the statement of the appellee as to what took place between them when they met on the pike near Bradfordsville was also competent as conducing in some degree to prove that he signed the note. But the signature to the papers in the case seem not to have been submitted to the jury in evidence. They seem to have been improperly shown to the jury by counsel in argument, but they had no right to consider them when thus offered, and the signature to the petition in another case, which seems also to have been shown to them in the same way, would not have been competent if offered at the proper time.

The sole question in the case is whether the appellant signed the note with his own hand, and he is not liable unless he did so. If he promised to pay his part of the note, or recognized it as binding upon him, the fact may be shown as conducing to prove that he in fact signed it, but for no other purpose.

Judgment *reversed* and cause remanded for a new trial.

*Rountree & Lisle, for appellant.*

*Belden & Shuck, for appellee.*